1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

BLAINE W. EDWARDS,

        Plaintiff,

  v.

24 HOUR FITNESS,

        Defendant.

Case No. C09-1016RSL

ORDER GRANTING MOTION
TO COMPEL ARBITRATION
AND STAYING CASE

15
16

## I. INTRODUCTION

17
18
19
20
21

     This matter comes before the Court on a motion filed by defendant 24 Hour Fitness to compel arbitration. Defendant argues that plaintiff, defendant's former employee, agreed to submit his employment-related disputes to binding arbitration. Plaintiff, who is proceeding *pro se*, has not responded to the motion, which the Court construes as an admission that the motion has merit. For the reasons set forth below, the Court grants the motion.

22

## II. DISCUSSION

23
24
25
26

     Defendant originally hired plaintiff in January 2005 as a Certified Personal Trainer at the company's West Seattle fitness center. Plaintiff resigned in June 2005 and was subsequently rehired at the same club as a fitness counselor. Plaintiff worked for 24 Hour Fitness until his termination in November 2007. Plaintiff filed his complaint in this Court alleging that defendant

27
28

ORDER GRANTING MOTION  TO COMPEL
ARBITRATION AND STAYING CASE- 1

discriminated against him based on his age and retaliated against him for reporting age discrimination. After plaintiff filed this lawsuit, defendant, to its credit, made multiple attempts to discuss the arbitration requirement with plaintiff, but he insisted on proceeding before this Court.

The Court must determine whether the parties intended to arbitrate this dispute. The Court makes the determination by applying the "federal substantive law of arbitrability" with "a healthy regard for the federal policy favoring arbitration." Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 626 (1985) (explaining that "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability"). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). The standard for a finding of arbitrability is "not high." See Simula, Inc. v. Autoliv, Inc., 175 F.3d 719, 721 (9th Cir. 1999) (explaining that to require arbitration, plaintiff's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability"). Agreements to arbitrate in the employment context are enforceable under the Federal Arbitration Act ("FAA"). See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).

In this case, plaintiff repeatedly agreed to submit employment disputes to binding arbitration. In his employment application, signed in 2005, plaintiff agreed to submit all claims to binding arbitration. Declaration of Marla Loar, (Dkt. #12), Ex. E ("I also understand that if I am offered employment, any dispute which may arise with 24 Hour Fitness [sic], I and 24 Hour Fitness agree that both will submit it exclusively to final and binding arbitration."). When he was hired, plaintiff also received a copy of defendant's employee handbook, which sets forth defendant's arbitration policy. Id., Ex. D. Plaintiff signed a written acknowledgment of his receipt of the policy; the acknowledgment reiterated that employment disputes were subject to final and binding arbitration. Id., Ex. F. When plaintiff was rehired in 2007, he received an

1    updated copy of the handbook and arbitration policy and acknowledged receipt of the same.  Id.,

2    Exs. G, H (signed acknowledgment stating, "I agree that if there is a dispute arising out of or

3    related to my employment as described in the 'Arbitration of Disputes' policy, I will submit it

4    exclusively to binding and final arbitration according to its terms.").  The policy set forth in the

5    2007 handbook explicitly includes disputes brought under the Civil Rights Act of 1964, the Age

6    Discrimination in Employment Act, and state statutes addressing the same subject matters.  Id.,

7    Ex. G.  It is broad enough to cover plaintiff's claims in this case.  Moreover, the policy is written

8    in clear, easily understandable language.  It does not overreach: it permits individuals to conduct

9    discovery, participate in choosing a mutually agreeable arbitrator, file a charge with the EEOC,

10   and seek any remedies to which they are otherwise entitled.  The agreement was supported by

11   consideration, including plaintiff's continued employment.  Plaintiff has not identified any

12   reason why the arbitration provisions are invalid or unenforceable.  Accordingly, the Court finds

13   that the parties had a valid and enforceable agreement to arbitrate plaintiff's claims.

14           Defendant requests that the Court dismiss this case with prejudice.  The FAA provides:

15       If any suit or proceeding be brought in any of the courts of the United States upon any
         issue referable to arbitration under an agreement in writing for such arbitration, the court
16       in which such suit is pending, upon being satisfied that the issue involved in such suit or
         proceeding is referable to arbitration under such an agreement, shall on application of one
17       of the parties stay the trial of the action until such arbitration has been had in accordance
         with the terms of the agreement, providing the applicant for the stay is not in default in
18       proceeding with such arbitration.

19   9 U.S.C. § 3.  The Ninth Circuit has explained that courts have the discretion to grant summary

20   judgment or dismiss cases "when all claims are barred by an arbitration clause."  Sparling v.

21   Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988).  In this case, however, a stay

22   appears to be the better course based on the statutory language and because there has been no

23   adjudication on the merits.

## III.  CONCLUSION

25           For all of the foregoing reasons, the Court GRANTS defendant's motion to compel

26   arbitration (Dkt. #10).  This case shall be stayed pending the completion of the arbitration.  The

27

28   ORDER GRANTING MOTION  TO COMPEL
     ARBITRATION AND STAYING CASE- 3

Clerk of the Court is directed to remove this case from the Court's active caseload.

DATED this 22nd day of October, 2009.

_MrR S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND STAYING CASE- 4